J-S33021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS J. SCHRAM | |
| Appellant | No. 1267 WDA 2015 |

Appeal from the Judgment of Sentence July 15, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000045-2013
CP-33-CR-0000046-2013
CP-33-CR-0000047-2013

BEFORE:  GANTMAN, P.J., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                              **FILED APRIL 25, 2016**

Appellant, Thomas J. Schram, appeals from the judgment of sentence entered on July 15, 2015, following revocation of his probationary sentences for technical violations.  In addition, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel complied with the procedural requirements necessary for withdrawal.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.  We therefore grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

_____

*Former Justice specially assigned to the Superior Court.

We summarize the factual and procedural history of this case as follows. On April 17, 2013, Appellant entered guilty pleas to three counts of issuing bad checks, 18 Pa.C.S.A. § 4105(a)(1), at docket numbers CP-33-CR-45-2013, CP-33-CR-46-2013, and CP-33-CR-47-2013. Each offense constituted a misdemeanor of the second degree. Thereafter, the trial court sentenced Appellant to two years' probation at each count and ordered that all sentences should run concurrently.

While serving his sentences, Appellant violated the terms of his probation on four separate occasions. Appellant twice committed technical violations by using drugs and was re-sentenced on January 7, 2015 and April 15, 2015. On May 20, 2015, after Appellant admitted to a third technical violation stemming from his use of heroin, the trial court modified his probationary sentence at CP-33-CR-45-2013 to include 30 days' incarceration in the Jefferson County jail. Appellant's other sentences at CP-33-CR-46-2013 and CP-33-CR-47-2013 remained unaltered. On July 15, 2015, following a fourth admission to the ingestion of heroin in violation of his probationary terms, the trial court revoked Appellant's probation at all three dockets and re-sentenced him to an aggregate term of 32 to 72 months in state prison.[1]

_____

[1] At CP-33-CR-45-2013, the trial court sentenced Appellant to one to two years in state prison, with credit for time served. At CP-33-CR-46-2013, the trial court sentenced Appellant to one to two years in state prison, with credit for time served, consecutive to the punishment ordered at
*(Footnote Continued Next Page)*

On August 4, 2015, Appellant filed a motion to reconsider his sentence *nunc pro tunc*, claiming that the trial court abused its discretion by imposing too severe a punishment. The trial court denied relief on August 5, 2015. On August 10, 2015, Appellant filed a timely notice of appeal. Thereafter, in response to an order of court, Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and the trial court issued its Rule 1925(a) opinion on September 29, 2015. **See** Trial Court Opinion, 9/29/15.

On appeal, Appellant's counsel included one issue in his **Anders** brief:

> Whether the trial court abused its discretion when it revoked Appellant's probation and re-sentenced him to serve a sentence of incarnation in the [s]tate [c]orrectional [i]nstitution aggregating to a minimum of two (2) years eight (8) months to a maximum of six (6) years with credit for time served and a recommendation of Motivational Boot Camp at all three dockets for [A]ppellant's violations of probation/parole[?]

**Anders** Brief at 3.

Before reviewing the merits of this appeal, however, this Court must first determine whether counsel fulfilled the necessary procedural requirements for withdrawing as counsel. **Commonwealth v. Washington**, 63 A.3d 797, 800 (Pa. Super. 2013). To withdraw under

(Footnote Continued) ————————————

CP-33-CR-45-2013. At CP-33-CR-47-2013, the court sentenced Appellant to serve eight months to two years in state prison, with credit for time served, consecutive to the punishment imposed at CP-33-CR-46-2013. The court recommended Appellant for Motivational Boot Camp at all three dockets and declared Appellant's eligibility for the Recidivist Risk Reduction Incentive Program at 24 months.

*Anders*, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." *Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2012), *quoting* *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record;
>
> (2) refer[s] to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set[s] forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Washington*, 63 A.3d at 800, *quoting* *Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his client and "advise[] him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention, and attach[] to the *Anders* petition a copy of the letter sent to the client." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (citation omitted).

- 4 -

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5 (citation omitted). It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations.[2] We now turn to the issue raised in the **Anders** brief.

The **Anders** brief contends that the trial court abused its discretion in imposing too severe a punishment under the circumstances of the case and in view of the nature of Appellant's probation violations. **Anders** Brief at 6. This claim does not challenge the revocation of Appellant's probation or the fact that the trial court imposed a sentence of total confinement upon Appellant. Rather, Appellant's claim challenges the discretionary aspects of his sentence. **Commonwealth v. Rhoades**, 8 A.3d 912, 916 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Clarke**, 70 A.3d 1281, 1287 (Pa. Super. 2013) (citation omitted). Appellant does not have an

_____

[2] Appellant has not filed a response to counsel's petition to withdraw.

automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"). As previously noted, Appellant filed a timely notice of appeal and his claim was properly preserved in a post-sentence motion. Counsel's *Anders* brief also contains a statement pursuant to Pa.R.A.P. 2119(f). Thus, we turn to whether the appeal presents a substantial question.

As we have explained:

The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or

contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted).

Appellant's position in his Rule 2119(f) statement is that "[his] sentences are manifestly unreasonable in that they constitute too severe of a punishment under the circumstances of the case and the probation/parole violations, and the [trial c]ourt's reasons for the sentences do not justify the severity." *Anders* Brief at 6. "[T]his Court has [] determined that such an assertion, in combination with allegations that a sentencing court did not consider the nature of the offenses or provide adequate reasons for its sentence, presents a plausible argument that the length of the sentence violates fundamental sentencing norms." *Commonwealth v. Dodge*, 77 A.3d 1263, 1271-1272 (Pa. Super. 2013).

In sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." *Commonwealth v. Russell*, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). In addition, 42 Pa.C.S.A. § 9771(c) permits the trial court to impose a sentence of total confinement in order to vindicate its authority. 42 Pa.C.S.A. § 9771(c).

We also note that when the trial court has the benefit of a presentence investigation (PSI) report, "we presume the court was aware of and weighed information concerning Appellant's character when making its sentencing decision." *Commonwealth v. Moury*, 992 A.2d 162, 175 (Pa. Super. 2010).

Here, the trial court offered the following explanation for the sentence imposed in this case:

> As he frankly acknowledged, [Appellant] was a drug addict who had been in front of the [trial c]ourt many times and did not know how to get the help he knew he needed. He had been given multiple breaks in the past, one of which was to serve his revocation sentence in the local jail rather than state prison. He did not respond to leniency, however, but repeatedly flouted the [trial c]ourt's attempts to show mercy and directives to comply with the law and its orders. As a result, even [Appellant] was expecting a state sentence on July 15, 2015. All he asked was that the [trial c]ourt send him with a boot camp recommendation, which is what it did.
>
> [Appellant] complained, nonetheless, because he was hoping for a lower minimum. The [trial c]ourt explained exactly why it was imposing a higher minimum, however, and that was as an incentive for him to actually complete the boot camp program rather than decide he would rather serve his minimum in prison and get paroled sooner.
>
> What the record clearly conveys, then, is that the [trial c]ourt deliberately fashioned a sentence with [Appellant's] particular needs and circumstances in mind. To that end, it was fully aware of his background and other information it needed to appropriately do so. [The trial court stated on the record that it

reviewed Appellant's PSI report and considered Appellant's age, his background, his prior record, and everything necessary for sentencing. The record] further reflects that the [trial c]ourt did indeed articulate its reasons for the sentence.

Trial Court Opinion, 9/29/15, at 1-2 (record citations omitted).

Based upon the foregoing, we discern the trial court did not abuse its discretion in imposing Appellant's sentence. The trial court had the benefit of a PSI report, so we presume the trial court was aware of Appellant's individual circumstances, including his rehabilitative needs. *Moury*, 992 A.2d at 175. The trial court went further, however, and before imposing a sentence of total confinement carefully considered the need to protect the public, the gravity of Appellant's conduct and its potential impact on the community, and Appellant's rehabilitative needs. Ultimately, the trial court concluded that Appellant's continued use of narcotics, despite supervision, posed an ongoing risk of his continued involvement with criminal activity and that a shorter state sentence would fail to ensure that Appellant received the rehabilitative programming that he needs. The record firmly supports these assessments.

After an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2016